## U. S. S. Lead Refinery *v.* Devetak.

[No. 12,174.    Filed April 2, 1925.]

1.  MASTER AND SERVANT.—*Award of Industrial Board not reversed for incompetent evidence if there is competent evidence to sustain it.*—The Appellate Court will not reverse an award of the Industrial Board because of the admission of incompetent evidence if there is competent evidence to sustain it. p. 618.

2.  MASTER AND SERVANT.—*Award not justified where claimant's medical experts testified ailment not attributable to his employment.*—An award of compensation is not justified where claimant's medical experts described his ailment as a disease and were unable to say that it resulted from his employment or the conditions thereof.   p. 618.

From Industrial Board of Indiana.

Claim for compensation under the Workmen's Compensation Act by Daniel Devetak against the U. S. S. Lead Refinery. From an award for claimant, the defendant appeals.  *Reversed.*

*William J. Whinery,* for appellant.

NICHOLS, J.—Appeal from an award of the Industrial Board granting compensation to appellee as an employee of appellant.

Appellant denies liability for such compensation on the ground that no accident had occurred; and that appellee was simply suffering from a disease known as eczema, and nothing else. Appellee was permitted to read in evidence, over the objection of appellant, a statement or report which purported to have been made by one of appellee's physicians, describing his affliction and giving the cause thereof. Such statement was incompetent but we will not reverse an award of the Industrial Board because of incompetent evidence if there is competent evidence to sustain the same. But the evidence, aside from this statement was wholly insufficient to sustain the award. When appellee's own witnesses, medical experts, described his ailment as a disease, and were unable to say that it resulted from the conditions of his employment, then the board was not justified in finding that appellee was entitled to compensation because of an accidental injury received in the course of his employment.

The award is reversed.